295 So.2d 272

**William C. MOODY, alias**

**v.**

**STATE.**

**3 Div. 228.**

Court of Criminal Appeals of Alabama.
April 9, 1974.
Rehearing Denied May 7, 1974.
Petition for Certiorari Stricken
July 11, 1974.

Elno A. Smith, Jr., Montgomery, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

DeCARLO, Judge.

Unlawful possession of drugs; sentence, seven years.

Detective Lawrence G. Rutland of the Montgomery Police Department learned by a telephone call from an informer that stolen goods and drugs could be found at the St. Francis Motel. Arriving there about 2:45 A.M. on May 8, 1971, Detectives Rutland and Lindsey approached a corner room, 1402, *and looked through a window where the blinds had been left partially open.* They observed appellant and others whom they knew going through pills and bottles spread on the bed. After several minutes they saw the group gather the pills and bottles into a pink pillowcase and place it in the closet. A money order machine which was also within view of the officers was placed in a dresser.

After obtaining a pass key from the manager, Detective Lindsey called for a patrol car. As he and Detective Rutland approached the door to the room, it opened, and one of the group, followed by appellant and the others, appeared in the door to leave. The officers identified themselves, stated the arrest charge, and took the pillowcase, money order machine and some tools into custody. Officer Rutland stated the entire time spent at the motel was approximately forty-five minutes.

I

A motion to suppress the evidence, supported by affidavit, was filed before trial. The record does not indicate whether there was a hearing or whether one was requested, but only that it had been passed on and denied. The circumstances preceding and attending the search and seizure came to light during the examination of Officer Rutland. While he was testifying, the appellant requested a voir dire examination out of the jury's presence. Although appellant did not object to the evidence being offered and did not state the purpose of the voir dire, it was allowed in the jury's presence. During this examination, appellant's counsel acknowledged that the motion to suppress had been passed on and denied, but complained that neither he nor the appellant was present. He further stated it was his desire to preserve for review the suppression of evidence question. The trial court informed appellant's counsel that he would have the benefit of cross-examination for this purpose. Only after cross-examination did appellant object to the evidence and move that it be excluded on constitutional grounds.

■ Under the above circumstances, appellant's objection to the illegal search and seizure was sufficient to preserve the issue for our review. Carpenter v. State, 42 Ala.App. 618, 174 So.2d 336.

II

The principal complaint of error is that evidence taken at the motel was the result of an unlawful search. It is argued that when the detectives looked through the motel window, it was a search, and since it

was done without a search warrant, the subsequent seizure was invalid.

■ It has been well settled that objects within plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced as evidence. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L. Ed.2d 1067.

The major consideration is whether the officer had a right to be in the position to have the view. United States v. Davis, 5 Cir., 423 F.2d 974.

■ Our courts have accorded a high degree of judicial sanctity to people in their homes, however, this security against unreasonable searches of homes should be distinguished from the scope of protection afforded a motel resident. Marullo v. United States, 5 Cir., 328 F.2d 361.

> "A private home is quite different from a place of business or from a motel cabin. A home owner or tenant has the exclusive enjoyment of his home, his garage, his barn or other buildings, and also the area under his home. But a transient occupant of a motel must share corridors, sidewalks, yards, and trees with the other occupants. Granted that a tenant has standing to protect the room he occupies, there is nevertheless an element of public or shared property in motel surroundings that is entirely lacking in the enjoyment of one's home." *Marullo,* supra.

In the present case, the detectives observed appellant while they were standing outside the motel in an area used by guests or persons having business there. As an occupant of the motel, appellant only shared in the property surrounding the motel whereas if he were a homeowner, he would have exclusive enjoyment of his property.

The occupants of the motel room had no right to expect any privacy with relation to what they did inside the window as it was within easy view of those utilizing the motel surroundings. It is not unreasonable to hold motel residents to the expectation that persons using the motel area might peer into open windows.

■ Under these circumstances, looking in a window cannot be considered a search. State of Florida v. Clarke, Fla.App., 242 So.2d 791; Ponce v. Craven, 9 Cir., 409 F.2d 621; Gil v. Beto, 5 Cir., 440 F.2d 666.

■ The arresting officers had received information by telephone and that coupled with their observation through the window gave them the right to arrest without a warrant. State of Florida v. Clarke, supra.

### III

■ Five of appellant's requested charges were properly refused. Some were abstract, misleading or not hypothesized on the evidence. Others were either covered by the court's oral instructions or by those charges given at the appellant's request.

Appellant's requested charge 11 was submitted as follows:

> "The Court charges the jury, if after considering all the evidence in the case, that tending to show guilt, together with that tending to show innocence, there should spring up involuntarily in the minds of the jury, from any part of the evidence, a probability of innocence of the defendant, the jury must find the defendant not guilty."

■ This charge was properly refused because the court instructed the jury that the burden was upon the state to prove the appellant's guilt beyond a reasonable doubt. Ray v. State, 257 Ala. 418, 59 So.2d 582.

The court also refused appellant's requested charge 5 which reads:

> "The State must prove its charge, and prove it beyond a reasonable doubt by the evidence. The assertions of counsel are not evidence."

The principles of law as enunciated in charge 5 were substantially covered in the court's oral charge and those charges given at the appellant's request concerning the doctrine of reasonable doubt and the measure of proof required. Lane v. State, 85 Ala. 11, 4 So. 730; Coleman v. State, 59 Ala. 52; Tatum v. State, 63 Ala. 147.

We find no error in our search of the record, and the judgment is affirmed.

Affirmed.

All the Judges concur.