Charles Raymond Whitehead was convicted in the Circuit Court of Russell County of possession of pentobarbital in violation of § 20-2-70, Code of Alabama 1975. He was convicted by a jury, was adjudicated guilty by the trial court, and was sentenced to five years' imprisonment. Hence this appeal.
During the evening hours of January 20, 1980, police officers of the Phenix City Police Department responded to a call to room 143 of the local Holiday Inn where a woman had reportedly been shot. The room was registered to the appellant and was also occupied by the victim, Patricia Rowlette, and another female, Donna Redden, when the officers arrived. The police officers rendered first aid to the victim until an ambulance arrived.
One of the police officers, Detective Sue Carey, testified that the room was in a state of disarray, with a number of hypodermic syringes (both used and unused), pills, capsules and empty capsule hulls scattered throughout the room in plain view. She further testified that the room contained bags of partially decayed food from various fast-food restaurants, that there was blood on the carpeting, the air conditioning unit and one of the walls, and that the room was generally "in a mess."
Detective Carey described appellant's mannerism and demeanor as being "like he was high or intoxicated," although she neither saw any alcoholic beverages in the room nor detected the odor of alcohol on appellant; she said he appeared to be in a "semi-stupor" or "stupor."
Detective Carey gave the Miranda warning to all three occupants of the room and proceeded, unsuccessfully, to search for a weapon. During the search, she took into her possession a marijuana cigarette butt, three yellow capsules, tablets, fifteen hypodermic syringes and a pipe. The chain of custody of these items was established at the trial and they were admitted into evidence. Mr. Taylor Noggle of the Department of Toxicology testified that the yellow capsules contained pentobarbital, a controlled substance, and that the pipe and cigarette both contained marijuana.
When Detective Carey left the premises that evening, she carried with her the key to the room. She returned to the room about an hour and a half later, around midnight, accompanied by another officer, in a further attempt to locate the weapon which caused Miss Rowlette's injury. She did not locate the weapon, but did collect a bottle, some yellow drug capsule hulls, and more hypodermic syringes. The chain of custody of these items was established and they were admitted into evidence over appellant's objection that the items were seized as the result of an illegal search.
 I
Appellant contends that "The Jury abused its discretion and failed to follow the trial court's instructions regarding constructive possession and circumstantial evidence."
Appellant cites Mauldin v. State, 376 So.2d 788, writ denied,Ex parte Mauldin, 376 So.2d 793 (Ala.Crim.App. 1979), for the rule that, in a case based on circumstantial evidence, it is the duty of the appellate court on review to determine whether any theory of evidence exists from which a jury could have excluded every hypothesis except that of guilt.
Appellant also asserts that if the circumstances can be reconciled with any reasonable theory that the appellant is innocent, then he should be found not guilty. This assertion of the appellate court's function differs from the rule appellant cites from Mauldin, supra. *Page 643 
It is not the function of this court in the present review of this case to search through the evidence presented for a theory of innocence. It is, instead, the appellate court's function to determine whether there is a question of fact for the jury.Mauldin, supra. We here find that the evidence was sufficient to establish a question of fact.
Where evidence raises a question of fact for the jury and such evidence, if believed, is sufficient to sustain the conviction, the denial of a motion to exclude the State's evidence does not constitute error. Young v. State, 283 Ala. 676, 220 So.2d 843 (1969); Perry v. State, 371 So.2d 969
(Ala.Crim.App.), cert. denied, 371 So.2d 971 (Ala. 1979).
The test here to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt. Dolvin v. State,391 So.2d 133, 137 (Ala. 1980); Cumbo v. State, 368 So.2d 871, 874
(Ala.Crim.App. 1978).
The police found three yellow capsules containing pentobarbital in a hotel room registered to defendant. They were found in a common area of the room and not on the person of anyone in the room. Numerous empty yellow capsule hulls were found scattered around the premises. Used syringes, which testimony established could have been used for administering the drug, also littered the room.
Constructive possession can be shown where the controlled substance was found on the premises controlled by the defendant, and guilty knowledge may be established by the surrounding facts and circumstances. McCord v. State,373 So.2d 1242 (Ala.Crim.App. 1979).
Possession of illegal drugs is susceptible to joint commission, and the guilt of the accused does not necessarily depend upon proof of his ownership of the drugs. Radke v.State, 292 Ala. 290, 293 So.2d 314 (1974); McCord, supra, at *page 1243. 
We find that the surrounding facts and circumstances could well have supplied a reasonable basis for the jury's rejection of other theories than that of appellant's guilt. We find no error in the court's denial of the motion to exclude the evidence and no error in the factfinding function properly performed by the jury.
 II
Appellant contends that the second search by officer Carey was contrary to the constitutional proscription against unreasonable search and seizure, and that evidence obtained in that warrantless search was admitted in error. We disagree.
An officer is empowered to make an investigation when he or she has been notified of the commission of a felony. Retowskyv. State, 333 So.2d 193 (Ala.Crim.App. 1976).
"In Amador-Gonzalez v. United States, 391 F.2d 308 (1968) the court said:
 "`A search incident to an arrest must have as one or more of its purposes the discovery of (1) the fruits of the crime; (2) instrumentalities used to commit the crime; (3) weapons or like material which put the arresting officer in danger or might facilitate escape; (4) contraband, the possession of which is a crime * * * and, by a recent decision; (5) material which constitutes evidence that the person has committed it. * * * Purposes 4 and 5 * * * require probable cause as a predicate for search.'
"See also Abel v. United States, 362 U.S. 217, 80 S.Ct. 683,4 L.Ed.2d 668; Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4,70 L.Ed. 145; Harris v. United States, 331 U.S. 145,67 S.Ct. 1098, 91 L.Ed. 1399; United States v. Humphrey, (Tenth Circuit)409 F.2d 1055; McCurdy v. State, 42 Ala. App. 646, 176 So.2d 53.Of course, if during a lawful search the police find evidenceof another offense not related to the crime for which a personis being arrested, it may be lawfully seized." (Emphasis added.) Neal v. State, 47 Ala. App. 68, 250 So.2d 605
(Ala.Crim.App.), cert. denied, 250 So.2d 608 (Ala. 1971). *Page 644 
The gravamen of this offense is the possession of an illegal substance that was found in plain view by an officer who had a right to be in the position where the view was made. The substance was properly seized by officer Carey during her initial search of the premises for a weapon. Moody v. State,52 Ala. App. 552, 295 So.2d 272 (Ala.Cr.App.), cert. stricken,298 So.2d 606 (Ala. 1974).
The second search occurred about an hour and a half after the first search. It was termed a continuation of the previous search for the weapon. There is no evidence in the record that the locked room's contents had been tampered with in the time period.
The appellant equates this second search with the improperly conducted search condemned by the Supreme Court in Mincey v.Arizona, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978). In that case, police tried to create a new exception to the rule against warrantless search and seizure. Police claimed that the murder of a fellow officer in an appellant's apartment justified a four-day search of the apartment, which search was so complete it included ripping up carpets. That is not the case here. Officer Carey collected exhibits on her second search that she had observed minutes earlier in plain view during her first search.
There is a well recognized exception for seizure of items within "plain view" that may be applied in this fact situation.
Furthermore, no items seized in the second search are necessary in establishing appellant's guilt of the offense as charged. The items were substantially duplications of those items of paraphernalia seized in the first, clearly proper, search.
The admission of those items from the first search was not challenged on appeal.
 III
Appellant contends he was deprived of his right to a fair trial by the trial court's refusal to grant a continuance.
Appellant filed a motion for continuance the day before trial on the ground that an indispensable witness for the defense could not be located. He stated that the witness had moved to Georgia and could not be located, and that some statements made in the transcript of another trial by the prospective witness would tend to exculpate appellant. No showing was made as to what these exculpatory statements were.
The general rule established to review such motions for continuance has been expressed as follows:
 "A movant must show that due diligence has been exercised to obtain the attendance of the witness, that substantial favorable testimony would be tendered by the witness, that the witness is available and willing to testify, and that the denial of a continuance would materially prejudice the defendant." United States v. Miller, 513 F.2d 791, 793 (5th Cir. 1975). See also United States v.Cawley, 481 F.2d 702, 705 (5th Cir. 1973). See also Smith v. State, 368 So.2d 298 (Ala.Crim.App. 1978, pp. 303, 304, writ quashed, 368 So.2d 305 (Ala. 1979).
A motion for continuance is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless there has been an abuse of that discretion.United States v. Uptain, 531 F.2d 1281 (5th Cir. 1976). We find no abuse of discretion by the trial court in its denial of the appellant's motion.
We have examined the issues presented on appeal and have found no error. The judgment of conviction by the trial court is affirmed.
AFFIRMED.
All the Judges concur. *Page 645