THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. IVANO PIERINI, Defendant-Appellant.

First District (2nd Division)   No. 1—95—1442

Opinion filed March 26, 1996.

Marvin Bloom, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Kalina Tulley, Assistant State's Attorneys, of counsel), for the People.

JUSTICE DiVITO delivered the opinion of the court:

Following a bench trial, defendant Ivano Pierini was convicted of possession with intent to deliver more than 500 grams of cannabis and was sentenced to two years' probation, with a $2,000 fine. The sole issue in this appeal is whether the circuit court erred in denying his pretrial motion to suppress evidence. For the reasons that follow, we reverse and remand.

At the suppression hearing, Chicago police officer Terry Shields testified that at approximately 7:40 p.m. on October 4, 1994, two other officers, a Drug Enforcement Administration agent, and he went to defendant's home, which was located on the second floor of a three-flat building on North Sheffield Avenue in Chicago. They went there to investigate information provided by a confidential informant as part of a two-week investigation of cannabis trafficking in the Italian Village area around Loomis and Taylor Streets. They did not have a search or arrest warrant because the information provided was insufficient to obtain either.

Officer Shields testified that when he knocked on the door, defendant simultaneously opened the door and asked who was there. He noticed "[a] strong aroma of reefer, cannabis, fresh cannabis emanating from there." By "fresh," he meant "uncut, unsmoked reefer." When Officer Shields noticed the odor, he was standing "[i]n the doorway at the door" and had not yet entered the apartment. After smelling the cannabis, he observed that "[j]ust next to the door inside to the right on like a nightstand was a cigar box full of half-smoked marijuana cigarettes and roaches, roach cigarettes," or partly smoked cannabis cigarettes. He reached in the doorway, picked one up, smelled it, and determined that it was cannabis. Although he had "an idea" that the cigarette contained marijuana, he was not certain until he picked it up. He was familiar with the odor of cannabis from other investigations. After determining that the cigarette contained cannabis, he immediately arrested defendant and advised him of his rights.

Officer Shields then tried to determine the source of the odor of fresh cannabis. The odor emanated from "a rear room like a bedroom next to the kitchen." Without obtaining a search warrant, Officer Shields found and searched a large duffel bag which contained approximately 35 individual packets filled with what was later determined to be approximately 28 pounds of cannabis. He also found a pouch with approximately $7,000 in cash in the same rear room.

Officer Shields stated that he did not obtain a search warrant because defendant's wife was in another room at the time and there was a chance that the contraband which they subsequently found would be destroyed.

Although defendant offered evidence that contradicted the State's version as to how the police gained entry to the apartment, the circuit court found the State's evidence credible and denied defendant's motion to suppress. Following a bench trial in which there was a stipulation as to the evidence presented during the suppression hearing, defendant was convicted and sentenced as stated previously.

On appeal, defendant contends that the circuit court erred in denying his motion to suppress because no exigent circumstances existed to excuse the absence of a warrant. Where, as here, there is no challenge to the facts or the credibility of the witnesses, we review a motion to suppress de novo. *People v. Foskey*, 136 Ill. 2d 66, 76, 554 N.E.2d 192 (1990). We note that in the instant case the officers made separate seizures of the cannabis cigarettes and the packages in the duffel bag; we therefore address each in turn.

■ First, regarding the box of cannabis cigarettes, the State asserts that its seizure was lawful under the doctrine of plain view. A warrantless seizure of evidence is permissible under that doctrine because such a seizure does not constitute an intrusive invasion into private property in violation of the fourth amendment. *People v. Hassan*, 253 Ill. App. 3d 558, 569, 624 N.E.2d 1330 (1993), citing *Coolidge v. New Hampshire*, 403 U.S. 443, 466-67, 29 L. Ed. 2d 564, 583-84, 91 S. Ct. 2022, 2038-39 (1971). Three elements are required for a lawful plain-view seizure: (1) the officer must be lawfully present in the location from which he can plainly see the evidence; (2) it must be "immediately apparent" that the object in plain view is evidence; and (3) the officer must have a lawful right of access to the object itself. *Hassan*, 253 Ill. App. 3d at 569, quoting *Horton v. California*, 496 U.S. 128, 136-37, 110 L. Ed. 2d 112, 123, 110 S. Ct. 2301, 2308 (1990).

Here, it is not disputed that Officer Shields was lawfully present outside defendant's apartment. From that vantage point, it was immediately apparent to him, an experienced narcotics officer who detected the odor of fresh cannabis, that the hand-rolled cigarettes were evidence, notwithstanding his need to smell them to confirm his belief. *Cf. People v. Graves*, 196 Ill. App. 3d 273, 279, 553 N.E.2d 810 (1990), *appeal denied*, 133 Ill. 2d 564, 561 N.E.2d 699 (1990) (experienced officer possessed probable cause to believe cigarettes with twisted ends contained contraband).

As for whether Officer Shields had a lawful right of access to the object itself, the police are constitutionally prohibited from making a

warrantless and nonconsensual arrest or seizure in a suspect's home. *Payton v. New York*, 445 U.S. 573, 576, 63 L. Ed. 2d 639, 644, 100 S. Ct. 1371, 1375 (1980). A seizure under such circumstances is unconstitutional even where there is probable cause, unless exigent circumstances exist to excuse the absence of a warrant. *Payton*, 445 U.S. at 588-89, 63 L. Ed. 2d at 652, 100 S. Ct. at 1381. Here, because Officer Shields lacked a warrant to arrest defendant or to search his home, unless exigent circumstances justified his entry, the seizure of the cannabis cigarettes must be suppressed.

■ Factors relevant to a determination of exigent circumstances include whether:

> "(1) the crime under investigation was recently committed; (2) there was any deliberate or unjustified delay by the police during which time a warrant could have been obtained; (3) a grave offense was involved, particularly a crime of violence; (4) there was reasonable belief that the suspect was armed; (5) the police officers were acting on a clear showing of probable cause; (6) there was a likelihood that the suspect would escape if he was not swiftly apprehended; (7) there was strong reason to believe the suspect was in the premises; and (8) the police entry was made peaceably, albeit nonconsensually." *People v. Williams*, 161 Ill. 2d 1, 25-26, 641 N.E.2d 296 (1994).

The foregoing are balancing factors rather than rigidly applicable cardinal rules. *People v. White*, 117 Ill. 2d 194, 217, 512 N.E.2d 677 (1987); *People v. Abt*, 269 Ill. App. 3d 831, 837, 646 N.E.2d 1341 (1995).

■ Here, although we agree with defendant that the officers did not believe that defendant had committed a crime of violence, that he was armed, or that he might readily escape, the other factors outlined in *Williams* dictate a finding that exigent circumstances existed.

As for whether the crime was recently committed, the offense was ongoing in Officer Shields' presence. In Illinois, commission of an offense in the presence of an officer militates in favor of a finding of exigent circumstances. See *People v. Eichelberger*, 91 Ill. 2d 359, 369, 438 N.E.2d 140 (1982) (exigent circumstances to make a warrantless arrest in a suspect's home exist where an offense is committed in the presence of an officer).

There was no delay here during which a warrant could have been obtained and prompt action was necessary where, with "any lapse of time, the source could easily have destroyed any contraband remaining in the apartment." *People v. Masters*, 155 Ill. App. 3d 1015, 1024, 508 N.E.2d 1163 (1987), *appeal denied*, 116 Ill. 2d 570, 515 N.E.2d 120 (1987). Because the officers' presence was known to defen-

dant and his wife, who were in the apartment in the immediate vicinity of the cannabis, had the officers delayed in order to obtain a warrant, the evidence at issue may well have been destroyed.

Officer Shields was acting on a clear showing of probable cause. In determining whether probable cause existed to effectuate a warrantless search, a court must look to the totality of the circumstances and make a practical, commonsense decision whether there was a fair probability that an offense was committed and that the defendant committed it. *People v. Tisler*, 103 Ill. 2d 226, 237-38, 469 N.E.2d 147 (1984), citing *Illinois v. Gates*, 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983). The determination, which considers only information available to officers before the search, must focus on the factual considerations upon which reasonable, prudent people, not legal technicians, act. *People v. Adams*, 131 Ill. 2d 387, 398, 546 N.E.2d 561 (1989); *People v. Henderson*, 266 Ill. App. 3d 882, 640 N.E.2d 1344 (1994). Here, Officer Shields had probable cause to effectuate the search where he had information provided by a confidential informant, smelled the odor of fresh cannabis, and saw marijuana cigarettes. *Cf. Graves*, 196 Ill. App. 3d at 279.

Finally, Officer Shields' brief incursion into defendant's apartment to seize one of the cannabis cigarettes was both peaceable and minimal, though not consensual.

We conclude that exigent circumstances exist for an officer to make a peaceable, warrantless entry into a defendant's home for the purpose of seizing evidence where, as here: (1) an offense is occurring in the presence of a police officer; (2) delay in obtaining a warrant would result in the destruction of evidence; and (3) the officer acts on a clear showing of probable cause. Thus, because exigent circumstances gave Officer Shields a lawful right of access to the cannabis cigarettes, we conclude that the seizure was proper.

Despite defendant's reliance on *Hassan*, our ruling is in accord with its holding that exigent circumstances did not exist for a warrantless entry of a suspect's home after he was arrested in his front yard. *Hassan*, 253 Ill. App. 3d at 573. There, because the suspect was arrested in his front yard, the offense was not ongoing, there was no showing that there was danger that the evidence might be destroyed, and thus entry into the home was unjustified. *Hassan*, 253 Ill. App. 3d at 573. *Hassan* is distinguishable from this case.

Having determined that the cannabis cigarettes were lawfully seized, we turn to the question of whether, as the State contends, the need for a protective sweep justified the warrantless search and seizure of the duffel bag and pouch found in defendant's rear room.

■ A protective sweep is a quick and limited search of premises,

which is incident to an arrest, conducted to protect the safety of police or others, and narrowly confined to a cursory visual inspection of those places in which a person may be hiding. *Maryland v. Buie*, 494 U.S. 325, 327, 108 L. Ed. 2d 276, 281, 110 S. Ct. 1093, 1094 (1990). The rationale for allowing a protective sweep is that because an arrest is being made in the suspect's home, police officers have an interest in making sure that other persons do not launch an unexpected attack. *Maryland v. Buie*, 494 U.S. at 333, 108 L. Ed. 2d at 285, 110 S. Ct. at 1098. A sweep lasts only so long as is necessary to dispel the reasonable suspicion of danger. *Maryland v. Buie*, 494 U.S. at 335-36, 108 L. Ed. 2d at 287, 110 S. Ct at 1099.

■ Here, the officers, who could smell the odor of fresh cannabis and knew that at least one other person in addition to defendant was in the apartment, were justified in conducting a protective sweep incident to defendant's arrest. Where safety is at issue, the ability to conduct a cursory visual inspection of a suspect's premises should not be unnecessarily constrained. Evidence seized subject to plain-view observation, pursuant to such a sweep, would not be violative of constitutional protections.

We conclude, however, that the officers exceeded the limited scope of a protective sweep when they searched the duffel bag containing the cannabis and the pouch containing the cash. These were not objects from which a person could launch an unexpected attack. After defendant was arrested and his wife located, a quick inspection of the apartment would have sufficed to dispel any suspicion of danger to the officers or fear that evidence would be destroyed. At that point, the status quo could easily have been maintained until a warrant was obtained. Because we conclude that searches of the duffel bag and the pouch exceeded the scope of a cursory visual inspection and did not further officer safety, the cash and cannabis found therein must be suppressed.

In sum, although the motion to suppress was properly denied as to the cannabis cigarettes, it should have been granted as to the cash and as to the cannabis found in the duffel bag. The indictment in this case charged defendant with one count of possession with intent to distribute more than 500 grams of cannabis. The circuit court found defendant guilty of that charge. We reverse that conviction, but we remand the case for trial regarding the lawfully seized cannabis cigarettes.

Reversed and remanded.

HARTMAN, P.J., and BURKE, J., concur.