THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANIEL DAWE, Defendant-Appellant.

Third District   No. 82—668

Opinion filed June 27, 1983.

Robert Agostinelli and Gary Hicks, both of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

On May 27, 1982, a two-count indictment was returned in the circuit court of Tazewell County charging the defendant, Daniel Dawe,

with the offenses of unlawful possession of cannabis and unlawful possession of a controlled substance. Following a bench trial he was found guilty of both counts and sentenced to two concurrent two-year terms of probation. The issue on appeal is whether the trial court erred in denying the defendant's motion to quash the search warrant authorizing the police to search the defendant's premises and to suppress the evidence obtained therefrom. We affirm.

Defendant's motion to quash the search warrant was filed prior to trial and a hearing was held on the motion on July 30, 1982. On August 11 the court denied defendant's motion. The issue was whether the complaint for a search warrant was adequate to establish probable cause to search the residence at 2203 Valentine in Pekin, Illinois. In the complaint, Officer Ronald Gilchrist stated the facts upon which he was basing his request for the warrant as follows.

Gilchrist is an undercover police officer assigned to the Multi-county Narcotics Enforcement Group (MEG) in Tazewell County. He became acquainted with an informant who remained confidential for security reasons. The informant had previously been charged with possession of cannabis and had agreed to work for MEG.

On January 23, 1982, the informant was in the residence at 2203 Valentine and met Dan Dawe. In Dawe's presence he saw what he believed to be between five and 10 pounds of cannabis. He related this to Officer Gilchrist, who told the informant that they would have to establish the informant's reliability. Pursuant to that goal, the informant told Gilchrist there was another location in Pekin where he could purchase cannabis. They went there and, with Gilchrist watching him, the informant entered the building with $25 in MEG funds. Gilchrist had searched the informant and knew he had no cannabis in his possession. When the informant returned, he had a bag of what proved to be cannabis.

Early in the morning of July 29, 1982, Gilchrist contacted the informant again and met with him that afternoon. The informant told Gilchrist he had been to 2203 Valentine the previous night, had met Dawe there, and Dawe had given him a bag of what he believed to be a pound of cannabis. Gilchrist then swore out the complaint for the search warrant.

The fourth amendment provides that no warrants may issue without probable cause. Probable cause for the issuance of a search warrant may not be based upon hearsay from a confidential informant unless the two-pronged test first announced in *Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509, is met. This test requires that the judge determining the existence of probable cause be

informed of (1) some of the underlying circumstances showing the basis of the informant's conclusion (basis of knowledge) and (2) some of the underlying circumstances from which it may be concluded that the informant is credible or his information is reliable (veracity).

Both sides agree that the basis of knowledge prong was satisfied. The defendant contends, however, that there were insufficient facts in the complaint to establish the informant's veracity. The State argues that the controlled purchase of cannabis was sufficient to show the informant was reliable and this established his veracity. We find the complaint satisfied both prongs of the *Aguilar* test.

■■■■ The veracity prong of the *Aguilar* test may be satisfied in either of two ways. The first is to establish facts going to the informant's credibility; *i.e.*, to his general truthfulness. The second is to show facts going to the likelihood that the information supplied by the informant was true. It is well established that where an informant has given accurate information on other occasions, his information will be considered reliable. (See *People v. Thomas* (1974), 24 Ill. App. 3d 932, 321 N.E.2d 696.) In the case at bar, the informant gave accurate information regarding another purchase. We find this sufficient to establish the informant's reliability.

■■ The defendant contends that because the informant made the controlled purchase at the behest of the officer after he implicated the defendant and for the specific purpose of establishing his reliability, the purchase was insufficient to establish reliability. He argues that when an informant knows he is being tested, he is likely to tell the truth because he knows he is being tested and this does not imply that other information he might give is reliable. We disagree.

The circumstances in any controlled purchase are artificial in the sense that they have been planned in advance with police officers. That is what happened here. The informant was searched to make sure he had no drugs on his person. He was given money with which to buy drugs and he left the building with drugs. This is the same procedure that takes place in other cases and which has been held to prove the informant's reliability. The fact that it takes place after a defendant has been implicated does not change the fundamental situation which gives rise to a finding of reliability.

Nor does the fact that the officer said the purchase was to be made to establish reliability make a difference. Establishing reliability is always part of a controlled buy and simply enunciating it creates no effective difference.

We find the informant's reliability was adequately established. Therefore, probable cause did exist for the search warrant to be is-

sued and the lower court acted correctly in denying the defendant's motion. The judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

SCOTT and HEIPLE, JJ., concur.