THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ARTHUR HODGES et al., Defendants-Appellees.

First District (1st Division)   No. 84—2084

Opinion filed July 27, 1987.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Peter D. Fischer, and John J. Seno, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:
The State appeals from an order of the trial court requiring disclosure of the identity of a police informant, quashing a search warrant, and suppressing evidence seized in the search. In its appeal, the

State argues that the trial court improperly ordered disclosure of the informant's identity. The State also argues that the warrant was properly issued and, because the defendants failed to make the preliminary showing necessary to entitle them to an evidentiary hearing on the validity of the warrant, the court should have upheld the warrant without a hearing.

On June 21, 1983, Chicago police officer Andrew Kouchoukos filed a complaint to obtain a warrant to search 5036 North Sheridan Road, apartment 507. The complaint, which was based on statements made to Officer Kouchoukos by an informant, stated that the apartment belonged to a black male described by the informant as approximately 5 feet 8 inches to 5 feet 10 inches tall, 25 to 30 years old, 160 to 175 pounds, and known as Art. The complaint alleged that Art was in possession of a large quantity of marijuana. A search warrant was issued on June 21, 1983, and a search of the apartment produced cocaine, heroin, marijuana, and other drugs with a total estimated street value of $80,000. The defendants, Arthur Hodges and Christina Rothe, were arrested and charged with possession of controlled substances with the intent to deliver and possession of cannabis with intent to deliver.

The defendants moved to quash the search warrant and their arrests on the ground that the warrant was issued illegally. The defendant also filed a motion for disclosure of the informant's identity and requested that the State make the informant available for an interview. A hearing on the defendants' motions was held and the trial court ordered the State to produce the informant. After talking to Officer Kouchoukos, the State informed the court that because his safety would be in jeopardy if his identity was disclosed, the State would be unable to produce the informant. The court subsequently quashed the search warrant and ordered the evidence suppressed. The State appeals.

■ Supreme Court Rule 412(j)(ii) (87 Ill. 2d R. 412) provides that disclosure of an informant's identity is not required where his identity is a prosecution secret and a failure to disclose will not infringe on the constitutional rights of the accused. The validity of this privilege was upheld by the United States Supreme Court in *McCray v. Illinois* (1967), 386 U.S. 300, 18 L. Ed. 2d 62, 187 S. Ct. 1056. There, the court held that neither the due process clause nor the sixth amendment right of confrontation required compulsory disclosure of an informant's identity in a preliminary hearing, where the issue was one of probable cause and guilt or innocence was not at stake. The court noted that the government depended on professional informers to fur-

nish them with a flow of information and that revelation of the identity of these informers would end their usefulness and discourage others from entering into like relationships. However, the court also noted that while there was a public interest in protecting the flow of information, this interest must be balanced against the defendant's right to prepare his defense. Where an informer's identity is relevant and helpful to the defense of an accused or essential to a fair determination of a cause, the privilege must give way.

Following the court's decision in *McCray*, Illinois courts have held that in determining whether disclosure of an informant's identity is required, courts must balance the strong public policy favoring the privilege against the defendant's need for disclosure to prepare his defense. (*People v. Williams* (1967), 38 Ill. 2d 150, 230 N.E.2d 214; *People v. Duncan* (1982), 104 Ill. App. 3d 701, 432 N.E.2d 1328.) The burden of showing the need for disclosure is on the defendant. (*People v. Duncan* (1982), 104 Ill. App. 3d 701, 432 N.E.2d 1328.) Where there is no evidence that the informant either participated in the crime or was present at the time of arrest, amplification of an informant's statements would be of little assistance to an offender's defense. *People v. Nettles* (1966), 34 Ill. 2d 52, 213 N.E.2d 536; *People v. Duncan* (1982), 104 Ill. App. 3d 701, 432 N.E.2d 1328.

■ In the present case, there was no evidence that the informant participated in the crime and he was not present when the defendants were arrested. Thus, the burden was on the defendants to show that disclosure of the informant's identity was necessary to prepare their defense. No such showing was made. Therefore, the trial court erred in ordering the State to produce the informant.

The State also argues that the complaint for the search warrant showed probable cause to believe that there was contraband on the person or in the place described and, therefore, the warrant was properly issued. We agree that the complaint was sufficient to establish probable cause to issue a warrant.

In *Illinois v. Gates* (1983), 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317, the United States Supreme Court abandoned the two-pronged test for probable cause that was set forth in *Spinelli v. United States* (1969), 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584, and *Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509. Under this test, an affidavit for a search warrant was required to reveal the basis of the informant's knowledge, *i. e.*, how he came by his information, and to provide facts sufficiently establishing either the veracity of the affiant's information or the reliability of the informant's report. While agreeing that the informant's veracity, reli-

ability, and basis of knowledge were highly relevant, the court noted that the two-pronged test encouraged an excessively technical dissection of an informant's tips. The court stated that veracity, reliability, and basis of knowledge should not be understood as entirely separate and independent requirements to be rigidly exacted in every case. Instead, the court advanced a "totality of the circumstances" test in which these three elements are relevant considerations in determining whether there is probable cause to believe that contraband or evidence is located in a particular place. The court added that in determining the overall reliability of an informant's tip, a deficiency in one of the three elements could be overcome by a strong showing as to the others or by some other indicia of reliability. The court concluded that in issuing a search warrant, the task of the magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in the place described; and the duty of the reviewing court is simply to insure that the magistrate had a substantial basis for concluding that probable cause existed.

A totality of the circumstances analysis in the present case demonstrates that there was probable cause to issue the warrant. Officer Kouchoukos' complaint stated that on June 20, 1983, he had a conversation with a reliable informant, that he had known the informant for three months and that the informant had provided information to Officer Kouchoukos resulting in arrests for narcotics laws violations on three occasions. Those cases were pending before the court at the time the complaint was filed. Thus, the complaint demonstrated the informant's reliability.

The complaint also stated that on June 20 the informant went to 5036 North Sheridan Road, apartment 507, where a black male named Art told him that he would sell him one ounce of marijuana for $60. The informant gave Art the money and Art removed a small quantity of marijuana from a plastic bag and rolled a cigarette, which Art and the informant smoked. The informant told Officer Kouchoukos that he got a nice "buzz" and a nice "high" from smoking the marijuana. The informant also told Officer Kouchoukos that when he left Art's apartment, Art was still in possession of a large quantity of marijuana. This portion of the complaint established the basis of the informant's knowledge.

The complaint also stated that Officer Kouchoukos and his partner later accompanied the informant to 5036 North Sheridan Road,

where they observed a steady stream of traffic in and out of Art's apartment.

In their motion to quash the search warrant, the defendants argued that because the informant's statements were not substantially corroborated by Officer Kouchoukos, and because the complaint contained what they described as "boiler-plate" language, the court did not have probable cause to issue the warrant.

The defendants' claim that because Kouchoukos did not test the marijuana purchased by the informant or arrange a controlled purchase, there was no corroboration of the information in the complaint. This argument is without merit. The fact that Officer Kouchoukos did not take the steps described by the defendants does not show a lack of probable cause. The Supreme Court stated in *Gates* that under the totality of circumstances analysis, a deficiency in one element can be overcome by a strong showing as to the others. Here, the complaint sufficiently established the reliability of the informant and the basis of his knowledge. It also showed that Kouchoukos attempted to corroborate the informant's information by placing the defendants' apartment under surveillance and that he observed a steady stream of people entering and leaving. Thus, under the totality of the circumstances, there was probable cause to believe that there was contraband in the defendants' apartment.

In addition, the defendants pointed out in their motion to quash that the language in the complaint was similar to language found in other complaints filed by Officer Kouchoukos. The defendants argued that the use of a "boiler-plate format" to satisfy the constitutional requirements did not meet the test for probable cause. This argument is also without merit. A complaint is only required to show probable cause. Originality is not an element of probable cause and, therefore, a complaint will not be considered deficient simply because its format is similar to that of other complaints filed by the same officer. Officer Kouchoukos' complaint established probable cause to issue a search warrant and the warrant was properly issued. Therefore, the trial court erred in granting the defendant's motion to quash.

The State's final argument is that the defendants did not make a preliminary showing that they were entitled to an evidentiary hearing as required by *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674.

In *Franks*, the Supreme Court held that, while there is a presumption of validity with respect to the affidavits supporting a search warrant, the validity of the warrant may be attacked where a defendant makes a substantial preliminary showing that a false statement,

knowingly and intentionally or with reckless disregard for the truth, was included by the affiant in the warrant affidavit. The court stated that if the allegedly false statement is necessary to the finding of probable cause, the fourth amendment requires that a hearing be held at the defendant's request. The court held that to mandate a hearing a defendant's allegations of falsehood or reckless disregard must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. The court added that it was only the affiant's deliberate falsehood or reckless disregard that could be attacked, and not that of a nongovernmental informant.

In the present case, no offer of proof was made by the defendants and they did not point out any portion of the complaint as being false or provide a statement of reasons supporting their claim of deliberate falsehood or reckless disregard. In arguing that they were entitled to an evidentiary hearing, the defendants claimed that the fact that the complaint contained "boiler-plate" language and the fact that Officer Kouchoukos failed to corroborate the informant's statements demonstrated that he acted with a reckless disregard for the truth in making the statement. The defendants also filed an affidavit in which Arthur Hodges stated that he was 40 years old, five feet six inches tall, and weighed 130 pounds. It also stated that at no time on June 20, 1983, while he was present at 5036 North Sheridan Road, apartment 507, did he smoke marijuana with anyone or sell or offer to sell marijuana to anyone. This is not the substantial showing required under *Franks* to overcome the presumption that a warrant was validly issued.

■ A determination of whether a showing in a particular case is sufficient under *Franks* must be based on a careful balancing of the statements in the warrant affidavit versus those in support of the defendant's challenge to the warrant. (*People v. Lucente* (1987), 116 Ill. 2d 133, 506 N.E.2d 1269.) We have already held that the fact that the language in the complaint is similar to that in other complaints filed by the same officer does not affect the validity of the search warrant issued in reliance on the complaint. We also concluded that, because there was a strong showing of the informant's reliability and basis of knowledge, Officer Kouchoukos' efforts to corroborate the informant's statements were sufficient. We now conclude that the defendants' affidavit failed to make the showing required for an evidentiary hearing.

Under *Franks*, a defendant is required to allege that the affiant's

statements were deliberately false or made with a reckless disregard for the truth. In addition, the Illinois Supreme Court held in *Lucente* that the substantial showing required by *Franks* demanded something more than a defendant's unsubstantiated denials.

In the present case, the defendants' affidavit contained a description of Arthur Hodges and statements denying that Hodges smoked, sold, or offered to sell marijuana. The affidavit did not allege that Officer Kouchoukos' statements were deliberately false or reckless and it offered no other statements or information to corroborate the defendants' denials. Thus, the affidavit was insufficient under the holdings in both *Franks* and *Lucente*.

It appears that the physical description of Hodges was included to demonstrate that the informant's description was inaccurate. However, as the court explained in *Franks*, only the representations of the affiant are at issue, not those of the informant. In *Lucente*, the Illinois Supreme Court noted the difficulty of proving that an affiant's statements were deliberately false or recklessly made in cases that, like the present one, involve confidential informants. In light of this difficulty, the court held that a defendant would not have to establish what an anonymous informant did or did not say to the affiant to satisfy the substantial showing requirement. The court stated that when an informant is the source of false statements, a defendant may still be entitled to a hearing if the officer acted recklessly in using the information received as a basis for the search warrant. The court added that a showing that an informant blatantly lied to the officer-affiant or that the information was substantially false could be sufficient to establish that the information was not accepted by the affiant as true or that the affiant, in putting forth such information, exhibited a reckless disregard for the truth.

We find that the discrepancies between Hodges' physical characteristics and the description given by the informant are not sufficient to demonstrate that Officer Kouchoukos acted recklessly in relying on the informant's tip. There is no evidence that the informant blatantly lied and the discrepancies do not require a conclusion that the information was substantially false. Further, an evidentiary hearing is required only when the allegedly false statement is necessary to the finding of probable cause. (*Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674.) Here, our finding that probable cause to issue the warrant existed is not affected by the fact that the informant's description of the defendant was not totally accurate.

The remainder of the affidavit contains the defendants' unsubstantiated denial of illegal conduct. Such denials were described by

the court in *Lucente* as "plainly insufficient." Thus, balancing the statements in Officer Kouchoukos' complaint against the defendants' statements in their challenge to the warrant, as required by *Lucente*, leads us to the conclusion that the defendants failed to make the substantial preliminary showing required for an evidentiary hearing.

In summary, we conclude that the defendants were not entitled to an evidentiary hearing on the validity of the complaint for a search warrant. We also conclude that probable cause existed for issuing the search warrant, and the court erred in quashing the warrant and suppressing the evidence seized in the search. Finally, we conclude that the defendants failed to make the showing of need required for disclosure of an informant's identity and that the trial court erred in ordering disclosure. For these reasons, the order of the circuit court of Cook County is reversed, and the cause remanded.

Reversed and remanded.

CAMPBELL and O'CONNOR, JJ., concur.