THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
DANNY WILLIAMS, Defendant-Appellee.

Third District   No. 3—88—0589

Opinion filed July 27, 1989.—Rehearing denied August 29, 1989.

Edward Burmila, State's Attorney, of Joliet (John X. Breslin and William Gibbs, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Robert Agostinelli and Catherine Fitzsimmons, both of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Danny Williams, was charged by information with the offense of unlawful possession of a firearm by a felon in violation of section 24—1.1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 24—1.1). The defendant filed a motion to suppress the .32 caliber revolver which was the only evidence against him. The trial court granted his motion and denied the State's motion for reconsideration. The State filed the required certificate of impairment and brought its appeal to this court. Because of our finding that the defendant lacked standing to seek suppression of the gun, we reverse.

The gun in question was seized from the apartment of defendant's girlfriend pursuant to a search warrant for defendant, his girlfriend, the apartment, and a car. The defendant was in the apartment at the time of the search, and the gun was found on the floor about two feet from him.

Officer Tim Simenson of the Crest Hill police department asserted in the complaint for search warrant that two reliable informants had told him that defendant lived in an apartment at 29 Mississippi, Joliet, with his girlfriend, Arthena Person. From this information, Simenson's own surveillance, and reports from other police officers, the court found probable cause for issuing the search warrant. The defendant and his girlfriend were in the apartment at the time the warrant was executed.

The defendant filed a motion to suppress supported by several affidavits from himself, his girlfriend, his mother, and his brothers. The affidavits denied that the defendant lived at the apartment. The affiants, defendant included, asserted that the defendant lived with his mother. The defendant slept overnight at the apartment, at most, once a week, and had no personal effects or clothing at the apart-

ment. The affidavits additionally attacked the credibility of Officer Simenson and the informants. The motion to suppress asserted that the informants lied and that Officer Simenson either lied or acted in reckless disregard of the truth. Defendant sought a hearing under *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674, on the truthfulness of the allegations in the complaint for search warrant.

The State filed a response challenging the legal sufficiency of the motion to justify an evidentiary hearing under *Franks*. The trial court found that a sufficient showing had been made in the affidavits to require a *Franks* hearing on the veracity of the complaint for search warrant. As a result of that hearing, the trial court found that certain statements in the complaint for search warrant were false or made with a reckless disregard for their truth or falsity. After those statements were eliminated, the court found that there existed insufficient evidence to establish probable cause. Accordingly, evidence seized under the search warrant, including the gun, was suppressed.

The State filed a motion for reconsideration, raising for the first time the issue of defendant's standing. The trial court ruled the raising of the standing issue untimely and reaffirmed its order of suppression.

■■ We must first decide whether the State's failure to raise the issue of standing until after the conclusion of the evidentiary hearing constituted waiver of the issue. Generally, a matter not presented to the trial court cannot be raised for the first time on appeal. One of the principal purposes of this rule is to prevent surprise to the opposing party, who is denied the opportunity to rebut or to present evidence on the issue. Once the case leaves the trial court, the opportunity to present evidence is gone. *People v. McAdrian* (1972), 52 Ill. 2d 250; *People v. Holloway* (1981), 86 Ill. 2d 78.

■■ The question of whether the State waived the issue of standing by waiting until the motion for reconsideration is not discussed in the authorities cited by defendant. *McAdrian* concerned the State's raising an issue for the first time in the appellate court. *Holloway* specifically addressed the raising of standing for the first time in the appellate court where the State was appealing from a suppression order. Likewise, *Steagald v. United States* (1981), 451 U.S. 204, 68 L. Ed. 2d 38, 101 S. Ct. 1642, held that the government waived the issue of standing by failing to raise it in the district (trial) court or the court of appeals. Moreover, in *Steagald,* the government did not raise the issue in its Supreme Court pleading opposing *certiorari*. The government argued instead that the house which was searched was

defendant's residence. Standing first was raised in the government's brief in the Supreme Court. Under those circumstances, "the Government, through its assertions, concessions, and acquiescence, has lost its right to challenge petitioner's assertion that he possessed a legitimate expectation of privacy in the searched home." (*Steagald*, 451 U.S. at 211, 68 L. Ed. 2d at 45, 101 S. Ct. at 1647.) Standing was clearly waived under such circumstances. Not so in the instant case, however, where standing was raised in the trial court.

We note that *Steagald* suggests that the opportunity to raise the issue of standing may be lost if the government fails "to raise such questions in a timely fashion during the litigation." For the reasons which follow, we hold that no waiver occurred and that the standing issue was timely raised.

First, the case was still pending in the trial court when the issue was raised. The trial court retained control of the case and had full authority to modify its order until the filing of the notice of appeal or expiration of 30 days from entry of the order. It has been held that standing would be timely raised if first cited in a motion for reconsideration. *People v. Braasch* (1984), 122 Ill. App. 3d 747, 750.

Second, defendant had ample opportunity to present evidence relevant to standing. He could have sought to reopen the evidence, or sought leave to present any additional evidence which would tend to establish standing. That he chose not to present additional evidence is undoubtedly a result of his successful attack under *Franks* on the credibility of the informants who claimed that defendant lived at the apartment. The more successful defendant was in this claim, the less connection he had to the apartment, and the more tenuous his claim of standing to object to a search of the apartment. On the other hand, if defendant had chosen to present evidence to establish standing, he would necessarily support the informants' statements and attack the credibility of his own affiants who denied his connection to the apartment.

So, third, no prejudice occurred by reason of the State's failure to raise the issue earlier. Any evidence which defendant would have presented on the issue of standing would have blunted his attack on the veracity of the allegations in the complaint.

Fourth, the State is not required to file a responsive pleading to the *Franks* motion, and is not required to give any other notice of its intention to assert lack of standing, so long as the issue is properly presented in the trial court. The burden of alleging and proving standing is on the defendant. *People v. Graves* (1977), 54 Ill. App. 3d 1027.

Having concluded that there was no waiver of the standing issue

by the State, we turn to the merits of that issue. We note initially that defendant's motion to suppress contained no allegations that defendant suffered invasion of some constitutionally protected interest. (*People v. Graves* (1977), 54 Ill. App. 3d 1027.) Nor did the defendant present any evidence tending to establish invasion of a reasonable expectation of privacy. Indeed, all defendant's evidence was for the purpose of dissociating himself from the place where the gun was found. His success in this at the pleading stage gave rise to the *Franks* hearing. His success at the evidentiary state resulted in discrediting two informants who alleged that defendant lived in the apartment which was searched. Defendant convinced the trial court that he did not live at his girlfriend's apartment, and that he spent, at most, one night a week there. He did not take meals there. He did not keep clothes there. His mailing address was not there. Thus, defendant provided the facts from which followed the conclusion that defendant had no reasonable expectation of privacy in his girlfriend's apartment. Defendant never asserted, and never attempted to prove, that he had a legitimate expectation of privacy in the apartment. (*People v. Gibson* (1983), 114 Ill. App. 3d 488.) Our courts have previously rejected arguments that Illinois should, under its own constitutional provisions on search and seizure (Ill. Const. 1970, art. I, §6), maintain the automatic standing doctrine of *Jones v. United States* (1960), 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725. *People v. Norris* (1981), 101 Ill. App. 3d 664.

The proper inquiry is to determine the standing issue which the defendant in this case did not plead or prove, *i.e.*, did the defendant have a reasonable expectation of privacy in the premises searched. (*Rakas v. Illinois* (1978), 439 U.S. 128, 58 L. Ed. 2d 387, 99 S. Ct. 421.) Where a defendant is charged with a crime based on possession, he has standing to seek suppression of the object he is charged with possessing only if his own fourth amendment rights have been violated. (*United States v. Salvucci* (1980), 448 U.S. 83, 65 L. Ed. 2d 619, 100 S. Ct. 2547.) Even if defendant could establish the illegality of the search of his girlfriend's apartment, he has the burden of proving that he had a reasonable expectation of privacy there. (*Rawlings v. Kentucky* (1980), 448 U.S. 98, 65 L. Ed. 2d 633, 100 S. Ct. 2556.) In the instant case, we have noted, the evidence which successfully contradicts the complaint for search warrant also denies defendant's standing.

We find that the instant case is governed by *People v. Stachelek* (1986), 145 Ill. App. 3d 391. The *Stachelek* court held that there was no standing where defendant could not show "a right to exclude

others from the apartment, a right to use the apartment in [the owner's] absence, the possession of a key, the presence of his personal belongings, or anything which might create a legitimate expectation of privacy in the apartment." *Stachelek*, 145 Ill. App. 3d at 401.

■■ Merely because the defendant is occasionally on the premises as a guest or invitee, and is on the premises at the time of the allegedly illegal search, does not confer standing. *People v. Cohen* (1986), 146 Ill. App. 3d 618.

For the foregoing reasons, the judgment of the circuit court of Will County is reversed and the cause remanded.

Reversed and remanded.

BARRY and SCOTT, JJ., concur.