THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. SAMUEL CORDERO, Defendant-Appellee.

First District (5th Division)  No. 1—88—3709

Opinion filed June 7, 1991.

John O'Malley, State's Attorney, of Chicago (Renee Goldfarb and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Thomas Peters, of Chicago, for appellee.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

The State appeals from a pretrial order suppressing a quantity of cocaine and a handgun seized pursuant to the execution of a search warrant. The trial judge predicated his suppression order on *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674. The only issue on appeal is whether the trial judge's order suppressing the evidence was manifestly erroneous.

We affirm.

Relevant to our disposition are the following facts as disclosed by the record. On September 7, 1986, Chicago police officer John Galligan submitted the following affidavit in support of a search warrant:

"The above affiant, a Chicago Police Officer, has received information from a reliable informant whom I have known for the past year. In the last six months this reliable informant has given me information on narcotics on two different occasions. On each of these occasions I have acted on this information, and as a result have made two separate arrests and confiscated narcotics. On each occasion I have submitted the confiscated narcotics to the Chicago Police Crime laboratory. I have re-

ceived a positive lab report for narcotics on each case. Both cases are pending in the Circuit Court of Cook County.

On 06 Sept. 86, I met with this informant and he related to me that on 05 Sept. 86 he had occasion to go to apt. No. 1804 at 4334 N. Hazel (highrise) and was admitted to this apt. by a M/WH he knows as Samuel Cordero 5-6, 150, Blk. Hair and Brn. eyes. Once in the apt. Samuel asked what my informant wanted and my informant stated that he wanted one half ounce of cocaine. Samuel stated that it would cost $800 to which my informant agreed if he could try it. Samuel first went to a drawer in the kitchen and took out a small semi-auto pistol, then he took out a clear plastic bag containing white powder. Samuel placed both the pistol and the plastic bag on the table and placed a small amount of cocaine on a mirror and my informant snorted the cocaine. My informant has been using cocaine the last year that I have known him and states that this cocaine that he had snorted gave him an immediate high the same as he had gotten in the past from using cocaine.

My informant then told Samuel that he would buy the cocaine. Samuel then measured out one half ounce of cocaine, placed it in a clear plastic bag and gave it to my informant. Samuel then placed the remaining cocaine and the pistol back into the drawer. My informant then gave Samuel the $800 and left the apt. My informant states that when he left the apt. Samuel still had at least 2 ounces of cocaine and a small pistol under his control.

With this information from a reliable informant, I petition the court to search the apt. No. 1804 at 4334 N. Hazel Chicago Illinois, Cook County, and the person of Samuel Cordero, M/WH 21 Jan. 66 5-6 150 Blk. hair & Brn. eyes."

(As the record indicates, the informant was actually a woman; the officer identified her as a male to hide her identity.) The search warrant was issued and was executed the same day by Officer Galligan and others. During the search they discovered 30 grams of cocaine and the handgun referred to in the affidavit. The defendant, who was present in the apartment, was arrested and charged with a number of offenses including possession of cocaine.

Prior to trial, the defendant moved to suppress both the cocaine and the handgun, or, in the alternative, for a hearing pursuant to *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674. The motion, which was supported by three affidavits, alleged that on September 5 the defendant had not been in the Hazel Street

apartment but was instead in Harvey, Illinois, picking up a car for his sister.

The trial judge heard the testimony of several witnesses before deciding whether the defendant had made a substantial preliminary showing, thereby requiring a full *Franks* hearing. The defendant first called Officer Galligan, who testified to substantially the same facts in his affidavit. He added that, after his conversation with the informant, he corroborated the location of the Hazel Street apartment, the defendant's physical description and his birth date, and also checked the defendant's previous criminal record.

Next, the defendant testified that he was not at the Hazel Street apartment on September 5 and that he did not sell narcotics to anyone on that date. Instead, from 8 a.m until around 4 p.m., he drove with two friends to Harvey, Illinois, to pick up a car for his sister. When he returned to Chicago he met his girlfriend for dinner and a movie, and the two of them then spent the evening at his own apartment. (The record indicates that Edwin Rodriguez, the husband of the defendant's half-sister, was the resident of the Hazel Street apartment; Rodriguez would give the defendant the keys to the apartment when he was out of town.) The defendant also called several other witnesses to corroborate his alibi including one of the friends who drove with him to pick up the car, the financial manager of the car dealership, and the girlfriend.

At the conclusion of this testimony, the trial judge ruled that the defendant had made a substantial preliminary showing, thereby requiring a full *Franks* hearing.

At the hearing, the defendant called the police informant, Carmen Rivera. She testified that she was the defendant's ex-girlfriend. Her first contact with the officers in this case was in July 1986, when Officer Miedzianowski investigated a shooting in her neighborhood. Officer Miedzianowski mentioned that if she could give him names of people dealing in narcotics he would pay her for that information. She gave the officer her telephone number. The officer called her about a week later. Rivera told the officer that the defendant, Samuel Cordero, had a criminal record. In a subsequent phone call, she told the officer that she and the defendant used to "party" with cocaine at the Hazel Street apartment.

Rivera testified further that on September 5 the defendant called her and told her that he was going to a wedding the following day with his current girlfriend. That evening, Rivera called Officer Miedzianowski and informed him that the defendant and his current girlfriend would be spending the night at the Hazel Street apartment and

that cocaine would be in the apartment. Rivera testified that, after the defendant was arrested, Officer Miedzianowski met her and gave her $500 for the information.

Rivera denied that she purchased cocaine from the defendant on September 5 or that she gave Officer Galligan information on this case. She testified that she told Officer Miedzianowski about the defendant because he had hurt her. After the defendant was arrested, he contacted Rivera and told her that he had found out that she was the informant. He told her he would not hurt her and then persuaded her to meet with defense counsel.

After the defense rested, the State moved for a directed verdict. The motion was denied.

The State called the affiant, Officer Galligan, and Officer Miedzianowski. They testified again to the statements appearing in the affidavit and denied the possibility that Rivera had been paid for her information.

At the conclusion of this testimony, the trial judge ruled that the defendant had met his burden by a preponderance of the evidence showing that Officer Galligan included statements in his affidavit in reckless disregard for the truth. In support thereof, the trial judge cited the lack of testimony by Officer Galligan concerning his conversation with the informant. Although the trial judge did find that the informant told the officers about the cocaine and the handgun, the trial judge concluded that the informant did not tell Officer Galligan that she went to the Hazel Street apartment on September 5 to purchase the cocaine and that $800 was actually exchanged. Consequently, the trial judge ordered the evidence suppressed.

The State then filed a motion to reconsider the order suppressing the evidence. In ruling on this motion, the trial judge conceded that the informant gave conflicting testimony, some of which "bordered on outright lies." He also found again that the informant told the officers about the cocaine and the handgun. However, the trial judge also expressly found that, notwithstanding the conflicting testimony, there was "no possibility *** that the informant told the officer what he affirmed to in the affidavit for a search warrant." Finally, the trial judge objected to the standard form of the affidavit. He surmised that the officers took whatever information the informant actually gave them and "transformed" it into a certain style to make it better.

The State filed this appeal, arguing that the trial judge's order suppressing the evidence was manifestly erroneous.

OPINION

█▌ █ It is well established that a criminal defendant has the right to challenge the veracity of statements made in an affidavit supporting a search warrant. (*Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674.) The procedure is twofold. First, the defendant must make a substantial preliminary showing that a false statement knowingly and intentionally or with a reckless disregard for the truth was included by the affiant, and if the allegedly false statement is necessary to the finding of probable cause, then the defendant is entitled to a full evidentiary hearing. Second, at the hearing, if the allegation of perjury or reckless disregard for the truth is established by the defendant by a preponderance of the evidence and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, then the search warrant must be voided and the evidence suppressed.

█▌ A trial judge's ruling on the substantial preliminary showing should be given great deference by a reviewing court. One court has stated:

"[I]t may well be that in some cases a trial judge will deny a hearing when in fact a warrant was issued on the basis of the false statements. It is also true that the same balancing test may result in an evidentiary hearing being held when none is warranted. So long as the trial court's judgment is exercised within permissible limits, that judgment will not be disturbed." (*People v. Lucente* (1987), 116 Ill. 2d 133, 153, 506 N.E.2d 1269, 1277.)

Accordingly, in the instant case we will not disturb the trial judge's ruling on the defendant's substantial preliminary showing.

█▌ A trial judge's order suppressing evidence after a full *Franks* hearing should not be disturbed unless it is manifestly erroneous. (*People v. Stewart* (1984), 105 Ill. 2d 22, 473 N.E.2d 840.) We do believe that upon review there is sufficient evidence in the record to have supported an order denying the motion to suppress. For example, in assessing the police informant's conflicting testimony, the trial judge found that Rivera did tell the officers about the cocaine and handgun. Officer Galligan also testified that he corroborated some of the information given to him by Rivera. Where an informant is right about some facts, the informant is more probably right about other facts. (*Illinois v. Gates* (1983), 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317.) Also, notwithstanding the trial judge's objections to the standard form of the affidavit, Illinois courts have expressly held that

an affidavit "will not be considered deficient simply because its format is similar to that of other complaints." (*People v. Hodges* (1987), 159 Ill. App. 3d 38, 43, 512 N.E.2d 19, 23.) However, upon review, we are reminded that "after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review." (*Gates*, 462 U.S. at 236, 76 L. Ed. 2d at 547, 103 S. Ct. at 2331.) On this basis, we decline to reverse the trial judge's order.

■ Furthermore, the following evidence appears in the record which supports the trial judge's order. Attached to the defendant's motion to suppress were three affidavits all supporting the defendant's alibi that he was not at the Hazel Street apartment on September 5. The defendant produced several witnesses who testified that they had firsthand knowledge that the defendant, in fact, spent the day picking up a car for his sister and spent the evening with his current girlfriend. Also, the defendant produced the police informant, who denied that she gave information to Officer Galligan. Finally, paragraphs three and four of Officer Galligan's affidavit focus on the September 5 purchase.

In light of this evidence, the trial judge found that the information in Officer Galligan's affidavit concerning the September 5 purchase was included in reckless disregard for the truth. Presumably, the trial judge then set to one side paragraphs three and four of the affidavit and concluded that the remaining content was insufficient to establish probable cause. Consequently, the trial judge ordered the evidence suppressed. We cannot say that this order was manifestly erroneous.

Affirmed.

GORDON and McNULTY, JJ., concur.