THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
GREGORY D. JOHNSON, Defendant-Appellee.

Third District   No. 3—92—0214

Opinion filed October 27, 1992.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Lawrence Michael Kaschak, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Thomas A. Karalis and Verlin R. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Gregory D. Johnson, was charged by information with the offenses of unlawful possession with intent to deliver a substance containing cocaine (Ill. Rev. Stat. 1991, ch. 56½, par. 1401(a)(2)(A)) and resisting a peace officer (Ill. Rev. Stat. 1991, ch. 38, par. 31—1).

During the execution of a search warrant which authorized the search of a residence, the defendant was searched and cocaine was found on his person. The defendant filed a motion to suppress evidence and a motion challenging the search warrant based upon *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674.

The trial court granted the defendant's motions and ordered the evidence suppressed. The State filed a timely notice of appeal and the requisite certificate of impairment.

The State claims the trial court erred: (1) when it granted the defendant's motion to suppress because the complaint for a search warrant and the supporting affidavit were sufficient to establish probable cause; and (2) in suppressing the evidence based upon its finding that the search warrant was invalid pursuant to *Franks*.

We agree the trial court erred. Therefore, we reverse and remand because we find: (1) the search warrant affidavit was sufficient to establish probable cause; and (2) the defendant was not entitled to a *Franks* hearing.

A search warrant was issued on November 11, 1991, authorizing a search of the premises located at 1309 14th Street in Rock Island.

The affidavit of Alban Reid was attached to the complaint for the warrant. The affidavit stated that Reid was a police officer assigned to investigate the illegal sale of drugs; that John Doe, a confidential source, had completed numerous controlled buys of cocaine for the Rock Island police department and was a reliable source; that Doe, within the last 48 hours, had observed an amount of cocaine inside the address listed, which the affidavit stated was the residence of the defendant; and that, also within the last 48 hours, Doe had walked into the living room area of the residence, had spoken with the defendant and had observed a quantity of cocaine packaged for sale. The affidavit additionally stated that, during a conversation, Doe learned from the defendant that a quantity of cocaine was stored in the trunk of the defendant's car, which was located at the residence.

At the defendant's preliminary hearing on November 19, 1991, Officer Leo Hoogerwerf testified he participated in the execution of the search warrant on November 11, 1991. He was responsible for watching the front door of the residence while other police officers entered the rear door. Hoogerwerf saw the defendant through a window on the north side of the residence. He observed the defendant put a bag of white powder into his mouth. Hoogerwerf also saw the defendant eat the white powder. After the defendant saw the officer, he ran out the front door and was caught outside the residence by the police. The bag the defendant put in his mouth was found to contain 15.4 grams of cocaine. A bag found in the defendant's sock contained 4.9 grams of cocaine. Finally, .5 grams of cocaine was found in the defendant's vehicle.

The defendant filed a motion to suppress the evidence. The defendant argued, among other things, that the search warrant was insufficient on its face because there was no probable cause for the issuance of the warrant. The defendant also argued that the complaint for search warrant and the warrant itself were standardized forms which were not based upon specific facts.

The defendant also filed a *Franks* motion, which argued the material contained in Reid's affidavit was untrue. The defendant's own affidavit was attached to his *Franks* motion. The defendant stated he had resided in the City of Silvis since September 13, 1991. The defendant also stated he was not the legal title holder of the premises listed in the warrant and did not have a leasehold interest in the premises. Defendant further stated in his affidavit:

> "[A]t no time during the month of November 1991, did Affiant ever have anyone in the living room of the premises known as

1309—14th Street, Rock Island, Illinois, with a quantity of cocaine packaged for sale being present.

At no time in the month of November, 1991, did Affiant ever tell anyone that a quantity of cocaine was stored in the trunk area of his vehicle."

A hearing on the defendant's motions was held on February 26, 1992. The State argued the defendant did not have standing to challenge the search warrant pursuant to *Franks* because he stated in his affidavit that he did not have a possessory interest in the premises. We disagree.

The defendant testified Angilla Victor owned the premises located at 1309 14th Street. The defendant knew Victor for about five or six years and was her friend. The defendant stated that in November 1991, he kept tools, which he needed as a carpenter and painter, at Victor's premises with her permission. The defendant also kept a few pieces of furniture there. The defendant stated he had a telephone at the Victor premises and that he received telephone calls there in connection with his business as a self-employed carpenter. No one lived at the Victor premises after August 1991. The defendant further testified he did not stay overnight there. Based upon the testimony, the court found the defendant did not have standing to challenge the search of the premises. However, the court did find the defendant had standing to challenge the search of his person and his vehicle. At that point, the State agreed that the cocaine found in the vehicle should be suppressed.

A *Franks* hearing was then held. The defendant testified consistently with his affidavit. Reid testified the information contained in his affidavit was true and accurate. Reid also stated the affidavit for search warrant was prepared from a standardized form and everything contained in the affidavit had been given to him by the confidential source.

At the conclusion of the *Franks* hearing, the court stated it was suppressing all of the evidence found on defendant's person. The court later filed a 12-page memorandum opinion and order explaining its ruling. In the memorandum, the court first addressed the standing issue. The court found the defendant did not occupy the premises listed in the warrant. Therefore, the court concluded the defendant had no expectation of privacy in the premises and no standing to object to the search of the premises. We disagree.

However, the court did find the defendant had standing to challenge the search warrant because the warrant authorized the search

of his person. Because of our analysis and disposition, we find it unnecessary to address the court's finding on this issue.

The court next found the defendant's affidavit was sufficient to make a preliminary showing under *Franks* that false statements were used knowingly or recklessly in order to obtain the search warrant. The court noted the defendant's affidavit was in direct contradiction with Reid's affidavit. The court said it had "serious doubts that a drug dealer would tell anyone about where he keeps his store of drugs" and doubted "any police officer seeking truth would find such a statement any more plausible than I do." The court noted the confidential source was not under oath when he made his alleged statements to Reid. In passing, the court commented that it believed the police work was "shoddy."

Based upon the testimony presented at the hearing, the court concluded that a *Franks* violation had occurred. The court relied upon the fact the defendant was the only witness to testify who had personal knowledge of the events which occurred between the defendant and the confidential source. The court found the defendant to be a credible witness. The court stated it did not believe Reid's testimony. The court also commented that Reid had been investigated in an unrelated case "relative to the filing of a false affidavit to obtain a Search Warrant."

■ We conclude that our relevant inquiry on review is whether the defendant has standing to raise a fourth amendment issue regarding the search warrant. In order to have standing, the defendant must establish he has a legitimate expectation of privacy in the searched premises. (See *Minnesota v. Olson* (1990), 495 U.S. 91, 96-100, 109 L. Ed. 2d 85, 93-95, 110 S. Ct. 1684, 1687-90; *People v. Bass* (1991), 220 Ill. App. 3d 230, 241-43, 580 N.E.2d 1274, 1282-83; *People v. Williams* (1989), 186 Ill. App. 3d 467, 471-72, 542 N.E.2d 484, 486-87.) The fourth amendment protection against unreasonable government search and seizure extends only to individuals who have a reasonable expectation of privacy in the invaded place. *Rakas v. Illinois* (1978), 439 U.S. 128, 143, 58 L. Ed. 2d 387, 401, 99 S. Ct. 421, 430.

The relevant factors necessary to determine whether a reasonable expectation of privacy exists include whether a defendant (1) was legitimately present in the area searched, (2) had a possessory interest in the area or property seized, (3) had used the area searched or property seized, (4) had the ability to control or exclude others from using the property, and (5) had a subjective expectation of privacy in the property. *People v. Johnson* (1986), 114 Ill. 2d 170, 191-92, 499 N.E.2d

1355, 1364; *People v. Delgado* (1992), 231 Ill. App. 3d 117, 119, 596 N.E.2d 149, 151.

Both *Minnesota v. Olson* (1990), 495 U.S. 91, 98, 109 L. Ed. 2d 85, 94, 110 S. Ct. 1684, 1689, and *People v. Olson* (1990), 198 Ill. App. 3d 675, 681-82, 556 N.E.2d 273, 276-77, held that an overnight guest has a legitimate expectation of privacy in the premises entered. However, the court in *People v. Bass* (1991), 220 Ill. App. 3d 230, 241-43, 580 N.E.2d 1274, 1282-83, concluded that a person who is a guest in an apartment for only a brief period of time does not have standing to challenge a warrant allowing entry into the apartment.

■ The situation in the instant appeal falls in between the factual circumstances of the three cases cited above. Here the defendant testified he did not stay overnight at the residence. However, we find the defendant was more than a guest for a brief period because, with the permission of the owner, he stored furniture and tools at the residence and received telephone calls there. The defendant's testimony indicated he had frequent and ready access to the residence. Based upon these facts, we conclude the defendant did have a legitimate expectation of privacy in the premises because of the storage of his possessions in the residence and his access to the property. (See *People v. Stachelek* (1986), 145 Ill. App. 3d 391, 401, 495 N.E.2d 984, 990 (indicating the presence of personal belongings in an apartment may be adequate to create a legitimate expectation of privacy in the apartment); 4 W. LaFave, Search & Seizure §11.3(c), at 303 (2d ed. 1987) ("a defendant has standing if he is specifically permitted by the person with the possessory interest in the premises to store some specified effects there and is also permitted to enter the premises to check on those effects from time to time").) Accordingly, we find the defendant did have standing to challenge the validity of the search warrant.

The State argues the trial court erroneously suppressed the evidence. We agree. We initially note that a reviewing court will not disturb a trial court's ruling on a motion to suppress unless it is manifestly erroneous. *People v. Adams* (1989), 131 Ill. 2d 387, 400, 546 N.E.2d 561, 567.

In the instant appeal, the trial court determined Reid's affidavit was not sufficient to establish probable cause. The trial court found: (1) that the affidavit was based upon a standardized form; (2) the reliability of the source was not adequately demonstrated because the affidavit did not state whether information previously received from the source led to arrests or convictions; and (3) the source's story was implausible. The defendant argues this ruling was correct. Relying on *People v. Palanza* (1978), 55 Ill. App. 3d 1028, 371 N.E.2d 687, the

defendant points out that no facts were disclosed in the affidavit which indicate how the source knew the substance was cocaine.

■ In reviewing the sufficiency of a search warrant complaint, it is only the probability, and not a *prima facie* showing, of criminal activity which is the standard for probable cause. (*People v. Stewart* (1984), 104 Ill. 2d 463, 475, 473 N.E.2d 1227, 1232.) Affidavits presented in support of a search warrant must be tested in a commonsense and realistic, and not an unduly technical, manner. (*People v. Lipscomb* (1991), 215 Ill. App. 3d 413, 428, 574 N.E.2d 1345, 1354.) Probable cause questions are resolved based upon the "totality of the circumstances" test set forth in *Illinois v. Gates* (1983), 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317.

Reid's affidavit stated the confidential source was reliable and had completed numerous controlled buys of cocaine. It also stated the source had recently seen cocaine packaged for sale at the residence, in the presence of the defendant. Based upon the totality of the circumstances, we conclude the affidavit was sufficient for a determination of probable cause.

The trial court's reasons for finding the affidavit insufficient do not survive our scrutiny. The use of standardized language in an affidavit does not affect its sufficiency. (*People v. Hodges* (1987), 159 Ill. App. 3d 38, 43, 512 N.E.2d 19, 23; see also *People v. Cordero* (1991), 214 Ill. App. 3d 1007, 1012-13, 574 N.E.2d 800, 804; *People v. Elworthy* (1991), 214 Ill. App. 3d 914, 923, 574 N.E.2d 727, 734.) Also, a statement that the confidential source previously participated in controlled buys of drugs may be sufficient to establish the veracity of the source even if the statement does not say that arrests or convictions resulted. See *People v. Thomas* (1975), 62 Ill. 2d 375, 381-82, 342 N.E.2d 383, 386-87; *People v. Dawe* (1983), 115 Ill. App. 3d 990, 991-92, 451 N.E.2d 32, 34.

We find the defendant's reliance on *Palanza* is misplaced. The Supreme Court in *Gates* specifically criticized *Palanza* as an example of a court's excessively technical dissection of an informant's tip. *Gates*, 462 U.S. at 234 n.9, 76 L. Ed. 2d at 545 n.9, 103 S. Ct. at 2330 n.9.

We also agree with the State's contention the trial court erred when it suppressed the evidence based upon *Franks*. We find the defendant did not make the necessary preliminary showing to be entitled to a *Franks* hearing. In *Franks*, the Supreme Court recognized a defendant has a *limited* right to challenge the veracity of the affidavit supporting a facially valid warrant. A defendant is entitled to a *Franks* hearing *only* when he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reck-

less disregard for the truth, was included by the affiant in the warrant affidavit," and that the allegedly false statement was necessary to the finding of probable cause. (*Franks*, 438 U.S. at 155-56, 57 L. Ed. 2d at 672, 98 S. Ct. at 2676; see also *People v. Edwards* (1991), 144 Ill. 2d 108, 131-32, 579 N.E.2d 336, 344.) A defendant's unsubstantiated denial of statements contained in the affidavit is *not* enough to make the necessary preliminary showing. *People v. Lucente* (1987), 116 Ill. 2d 133, 151-52, 506 N.E.2d 1269, 1276; *People v. Maiden* (1991), 210 Ill. App. 3d 390, 400-01, 569 N.E.2d 120, 127; *People v. Torres* (1990), 200 Ill. App. 3d 253, 263, 558 N.E.2d 645, 652.

■ In the instant appeal, the defendant's affidavit was clearly nothing more than a denial of the statements contained in Reid's affidavit. The court erroneously concluded that a substantial preliminary showing had been made because the confidential informant's statements to Reid were not made under oath and because, in the court's opinion, one of the statements was implausible. It is well-settled law that a police officer's statements made in an affidavit for search warrant may be based upon hearsay, including an informant's tip. (*People v. Canet* (1991), 218 Ill. App. 3d 855, 865, 578 N.E.2d 1146, 1153.) The State is generally not required to disclose the identity of the informant. (*People v. Elworthy* (1991), 214 Ill. App. 3d 914, 921, 574 N.E.2d 727, 733.) The Supreme Court in *Franks* specifically stated that the "deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant." (*Franks*, 438 U.S. at 171, 57 L. Ed. 2d at 682, 98 S. Ct. at 2684; see also *Lucente*, 116 Ill. 2d at 148, 506 N.E.2d at 1275.) Therefore, the fact the confidential source was not under oath is not relevant. We note it is not the confidential source's veracity which is at issue. The issue for review is whether Reid made false statements knowingly or with reckless disregard for the truth.

The defendant's mere denials of Reid's statements are *not* sufficient to entitle him to a *Franks* hearing. We note there was evidence before the trial court to support a finding that the defendant's affidavit was not credible. At the preliminary hearing held in November 1991, the defendant informed the court that his address was 1309 14th Street. However, this statement was contradicted by the defendant's affidavit, which states that he resided in Silvis and did not rent or own the premises at 1309 14th Street.

We caution that a trial court's ruling should *only* be based upon the evidence presented. We note the comments set forth in the court's memorandum opinion strongly indicate the court had a predisposition

in this case which was based, at least in part, on matters outside the record.

For the reasons indicated above, we find that no *Franks* hearing was warranted in this cause. We conclude the defendant's affidavit was insufficient to make a preliminary showing that false statements were either knowingly or recklessly included in the search warrant affidavit.

Accordingly, we reverse the order of the circuit court of Rock Island County and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.

GORMAN and HAASE, JJ., concur.