THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERRY JOHNSON, a/k/a Carl Schlitzkus, Defendant-Appellant.

First District (5th Division)   No. 85—2128

Opinion filed October 9, 1987.

James J. Doherty, Public Defender, of Chicago (Gwendolyn M. Bryant, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., and Bonnie Meyer Sloan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LORENZ delivered the opinion of the court:

Defendant was charged with armed violence and armed robbery. The State nol-prossed the armed violence charge. In a jury trial, defendant was found guilty of armed robbery. The sole contention he urges on appeal is that he was denied the right to trial by a fair and impartial jury because the trial court erroneously denied his challenges of two veniremen for cause.

We affirm.

The following pertinent testimony was adduced at trial. Complainant was approached by two men. One of them pointed a gun at complainant's stomach, told him not to move, cocked the gun and told him to give the two all the money he had. The complainant lifted his hands and told them he had no money. The offender who did not have the gun took complainant's watch.

A bystander who witnessed the occurrence gave the same account. Immediately after the robbery the bystander followed the offenders for approximately 35 feet. The complainant and bystander gave similar descriptions of the offenders to security guards at the scene. A short time later defendant was apprehended and placed in a lineup, where he was identified by both complainant and the bystander as the offender who held the gun.

OPINION

■■ The defendant contends that he was denied a fair trial because the trial court erroneously denied his challenges of two veniremen for cause. We do not agree. The trial judge is afforded broad discretion in *voir dire. (People v. Goff* (1985), 137 Ill. App. 3d 108, 484 N.E.2d 414.) Reversal of a conviction will only lie when there has been an abuse of discretion whereby defendant would be denied an impartial hearing. (*People v. Bowen* (1980), 87 Ill. App. 3d 221, 408 N.E.2d 993.) The trial court's determination of whether prospective jurors can give the accused a fair trial should not be set aside unless that determination was contrary to the manifest weight of the evidence. *People v. Pecina* (1985), 132 Ill. App. 3d 948, 477 N.E.2d 811.

One of the veniremen that defendant challenged was Noreen Woldenberg. After the trial court's introductory address, a group of 14 veniremen was called. Each group was examined in the same manner. After examining the venire as a whole, the trial court conducted the following examination of Woldenberg:

"[THE COURT]: Q. *** You have checked off here you have been or immediate member of your family or close friend has been the victim of a crime.

A. One of the girls had their purse snatched two times, but nothing else fortunately; and another one was mugged, but put up a struggle, and the fellow just ran off.

Q. In any of those instances was anyone ever apprehended?

A. No.

Q. As a result of either of those two incidents, does that bring you to this courtroom with any preconceived notions or feelings of 'I will get even' or anything like that?

A. No. The only thing, I am against guns. I'm for gun control.

Q. Okay.

A. My grandfather was a policeman for many, many years but never shot anyone.

Q. The fact that you are for gun control, would that so

color your thinking you would not be a fair and impartial juror, is that the bottom line?

A. I don't know. That is hard to say because I am for gun control absolutely.

Q. Would you follow the instructions that I would give you at the conclusion of this case concerning the law that is applicable to this type of case?

Do you think you could be able to do that?

A. I would try.

Q. That is all we could ask. Okay ***.

Q. Can you think of any reason why you couldn't be a fair and impartial juror?

A. Aside from the guns, that is all. Well, it depends if a policeman testifies. My grandfather is an exception. I had a girlfriend who has a husband who was a policeman. I couldn't believe the stories about organized crime levels, I mean—

Q. Would your feelings so cloud your ability to be a judge in this case so that you don't think that you would be able to be fair and impartial? That is set aside your natural abhorrence of weapons and judge this on the facts in this case and not based on what you feel or don't feel?

A. I would try.

THE COURT: That is all we could ask.

[Next Venireman]"

At the conclusion of the examination of the venire, defendant sought to excuse Woldenberg for cause. The trial court found that Woldenberg demonstrated that she would try as best as she could to be fair and impartial and, therefore, denied the challenge. Because defendant had exhausted all of his peremptory challenges, Woldenberg was part of the jury that heard the case.

■ The response of juror Woldenberg, while somewhat equivocal upon the court's initial general inquiry, was not such that it could be determined that she could not be impartial. The trial court properly probed into her possible biases against a defendant in an armed robbery proceeding by asking her whether her feelings would cloud her ability to be impartial. She was further asked whether she would be able to "set aside her natural abhorrence of weapons and judge this on the facts in this case and not based on what [she felt] or [didn't] feel." Woldenberg replied that she "would try." The trial court was in a position to evaluate this response and fairly decide its candor. (See *People v. Goff* (1985), 137 Ill. App. 3d 108, 484 N.E.2d 414.) Having reviewed the record thoroughly, we conclude that the trial court's de-

nial of defendant's challenge for cause was not improper.

Defendant also contends that the trial court's failure to exclude for cause another venireman was error. However, this venireman was eventually excluded by defendant's use of one of his peremptory challenges. Consequently, there can be no claim of prejudice.

Accordingly, the trial court's decision to deny defendant's motion to exclude for cause was not improper and defendant's conviction is, therefore, affirmed.

Affirmed.

SULLIVAN, P.J., and MURRAY, J., concur.