THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ORLANDO DELGADO, Defendant-Appellant.

First District (4th Division)   No. 1—90—2356

Opinion filed June 25, 1992.

Michael J. Pelletier and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Margaret J. Faustmann, and Fabio Valentini, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

Following a jury trial, defendant Orlando Delgado was found guilty of possession of a controlled substance with intent to deliver (Ill. Rev. Stat. 1987, ch. 56½, par. 1401) and sentenced to 20 years' imprisonment. He raises two issues on appeal: whether the trial court erred in denying his motion to suppress, and whether it abused its discretion by denying defendant's challenge of one juror for cause.

We affirm.

BACKGROUND

At the suppression hearing, the State's evidence established that about 4:15 a.m. on March 22, 1989, six officers and an informant arrived at an apartment at 2007 North Kedzie in Chicago. The informant was to purchase cocaine from defendant. Two officers observed the transaction from a stairwell about seven feet from the apartment. They observed defendant answer the door and ask the informant what he wanted. When the informant replied, "a quarter bag of coke," defendant invited him into the apartment. Defendant left the door open. The informant handed defendant $20. Defendant walked to the kitchen table and took a large clear plastic bag which contained several small plastic bags containing white powder. He handed the informant one of the small bags. The informant exited the apartment and closed the door. The officers met with informant, examined the contents of the bag and suspected that it contained cocaine. Two of the officers knocked on the apartment door. Defendant opened the door "a crack." When they announced their office, defendant tried to close the door. He then ran to the kitchen, picked up the large bag and tried to flee the apartment. As he did so he threw the bag. Defendant managed to escape, but he was arrested one hour later at 2120 North Hoyne, and gave that address as his residence. The officers knew prior to the date of the incident that defendant resided at that address.

In denying defendant's motion to suppress, the court stated:

"From the observations of the Court, the Court believes that there are exigent circumstances to justify the entry made here based upon what the officer testified to. He did believe a crime had been committed in his presence, and he was therefore empowered to enter as he did.

The Court note [sic] there is a substantial question as to whether Mr. Delgado does have standing, in any event, to contest the actions of the officers inasmuch as he has given no di-

rect evidence that this was a place that he had a lawful possessory interest, and the evidence is to the contrary, that he actually resided at some other location.

In any event, the motion to suppress evidence should be and is hereby denied."

OPINION

On appeal, defendant contends that the officers should have obtained an anticipatory search warrant since the narcotics transaction had been prearranged. Alternatively, he argues that exigent circumstances did not exist to warrant the warrantless entry because the officers could have kept the premises under surveillance until a search warrant was obtained. The State responds that defendant lacked standing to challenge the warrantless entry. Alternatively, it contends that exigent circumstances existed to justify the warrantless entry.

Before addressing the merits of defendant's claim, we must first determine whether defendant had standing to challenge the search and seizure. Defendant carried the burden of establishing that he held a reasonable expectation of privacy in the place searched or the property seized. (*People v. Johnson* (1986), 114 Ill. 2d 170, 499 N.E.2d 1355.) Factors to be considered in determining whether a reasonable privacy expectation exists include whether defendant was legitimately present in the area searched; his possessory interest in the area or property seized; prior use of the area searched or property seized; ability to control or exclude others' use of the property; and a subjective expectation of privacy. *People v. Johnson*, 114 Ill. 2d at 191-92.

Applying these factors to the present case, we find that defendant failed to demonstrate that he had a reasonable expectation of privacy in the apartment. Defendant reasons that his presence as the sole occupant of the apartment at the time of the search, his conduct in answering the door when the informant and the police knocked, and his conduct in allowing the informant to enter indicated his control of the apartment sufficient to establish a legitimate expectation of privacy. We disagree. It is noteworthy that at trial, when asked if he was at 2007 North Kedzie in the early morning of March 22, 1989, defendant replied, "I don't go there. I don't live there. I don't go to that house either." Defendant testified that his girl friend's mother lived in the building. When asked if he had ever been there he responded, "I go and pick up my lady and the kid. I don't go there. I don't live there." Defendant's mere status as the sole occupant of the apartment at the time of the search is not sufficient to establish that he had a legitimate expectation of privacy in the apart-

ment. The fact that he opened the door when the informant and the police knocked is not significant. Such conduct does not establish that defendant had control and dominion over the apartment to the exclusion of others, absent evidence that he had a key. While defendant may have been able to produce more evidence sufficient to establish standing, he did not do so. The record is incomplete on this issue. Defendant introduced no evidence concerning how long he had been in the apartment, whether he had a key, whether he kept any personal items there, or the nature of his presence at the time of the search. Absent evidence beyond his mere presence in the apartment and his conduct in opening the door, we find that the record is incomplete and that defendant has failed to satisfy his burden.

■ Moreover, the trial court's finding that the warrantless entry was justified on the basis of exigent circumstances was not manifestly erroneous. Exigent circumstances exist when an officer reasonably believes that a felony has been committed in his presence demanding prompt police action. (*People v. Eichelberger* (1982), 91 Ill. 2d 359, 369, 438 N.E.2d 140.) Here, two officers observed the informant's purchase of cocaine from defendant. Therefore, the officers' warrantless entry into the apartment was proper.

■ We next consider whether the trial court abused its discretion when it denied defendant's challenge of venireman Ronnie Jones for cause. The law provides that a venireman is incompetent to sit as a juror if he cannot be impartial, and a reviewing court may reverse a conviction where a juror expressed self-doubt concerning his ability to be impartial. (*People v. Johnson* (1991), 215 Ill. App. 3d 713, 725, 575 N.E.2d 1247.) Here, the record is clear that Jones expressed self-doubt about his ability to be impartial because of the fact that the offense involved a controlled substance and a close friend of his had died as the result of a drug overdose. Both the court and defense counsel repeatedly asked Jones if he could be impartial, despite his opposition to drugs. In nearly each instance he equivocated, responding, "I sometimes wonder if I could be impartial. I would like to be able to tell you I could, but personal feelings—"; "I just don't know"; "I believe I could"; and "I would try with my best decision that I could make from the evidence, but I can't say how it mite [*sic*] effect [*sic*] me." Those equivocal responses were remarkably similar to those of veniremen in *People v. Johnson*, 215 Ill. App. 3d 713, 575 N.E.2d 1247, *People v. Harris* (1990), 196 Ill. App. 3d 663, 554 N.E.2d 367, and *People v. Washington* (1982), 104 Ill. App. 3d 386, 432 N.E.2d 1020, all of which held that the court erred in denying a defendant's

challenge for cause. However, we are not persuaded that the trial court's conduct in this case constituted reversible error.

Here, defendant used a peremptory challenge to prevent Jones from becoming a member of the jury. Moreover, defendant has failed to allege that he exhausted his peremptory challenges when he excused Jones, and that an objectionable juror was subsequently forced upon him after he exhausted his peremptory challenges. In *Spies v. People* (1887), 122 Ill. 1, 258, 12 N.E. 865, our supreme court held that it could not reverse a judgment for errors committed in the trial court in overruling challenges for cause to jurors, even though a defendant has exhausted his peremptory challenges, unless it is shown that an objectionable juror was forced upon him after he had exhausted his peremptory challenges. Subsequent cases have relied on *Spies* and found no reversible error, either on the theory of harmless error (*People v. Harris*, 196 Ill. App. 3d at 677-78), or waiver (*People v. Green* (1990), 199 Ill. App. 3d 927, 929-31, 557 N.E.2d 939; *People v. Washington*, 104 Ill. App. 3d at 391-92). In each instance, the court reasoned that by failing to indicate that they were forced to accept an objectionable juror the defendants denied the trial court an opportunity to cure the alleged error by exercising its inherent power to grant the defense an extra peremptory challenge. (*People v. Green*, 199 Ill. App. 3d at 931; *People v. Harris*, 196 Ill. App. 3d at 678; *People v. Washington*, 104 Ill. App. 3d at 392.) Following that rationale, we adopt that line of cases and hold that defendant's failure to indicate to the trial court that he was being forced to accept an objectionable juror because of the court's refusal to excuse Jones for cause denied the court an opportunity to cure the error thereby failing to establish prejudice to defendant.

In making this finding, we note defendant's reliance on *People v. Johnson* (1991), 215 Ill. App. 3d 713, 575 N.E.2d 1247 (*Johnson I*) for the proposition that the fact that a defendant was improperly required to exercise a peremptory challenge in itself constitutes reversible error. In that case the State relied on *People v. Johnson* (1987), 162 Ill. App. 3d 952, 516 N.E.2d 343 (*Johnson II*), which concluded that there could be no claim of prejudice once a defendant removes a venireman from the panel by exercising a peremptory challenge. The court in *Johnson I* based its rejection of *Johnson II* on its failure to cite any authority for its conclusion. We are not persuaded by *Johnson I* because, unlike *Johnson II*, we have not held that a defendant is not prejudiced if he can exclude the challenged venireman by exercising a peremptory challenge. Rather, following the line of cases previously cited and discussed we recognize that prejudice may result.

However, the fact that prejudice may result in such circumstances does not alone warrant a finding of reversible error. Rather, the defendant must establish that he was prejudiced by indicating that as a result of the trial court's denial of his challenge for cause and his use of a peremptory challenge to reject the venireman, he was subsequently forced to accept an objectionable venireman because all of his peremptory challenges had been exhausted. This defendant has not done.

For the reasons stated above, the judgment of the circuit court is affirmed.

Judgment affirmed.

JOHNSON and McMORROW, JJ., concur.